IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN LYNN KUGLER, an individual, | ) ) | JURY DEMANDED |
| Plaintiff, | ) | NO. |
| -vs- | ) ) | |
| CBS STUDIOS, INC, a Delaware corporation; PARAMOUNT HOME ENTERTAINMENT, INC., a Delaware corporation; BUENA VISTA HOME ENTERTAINMENT, INC., trading as, WALT DISNEY STUDIOS HOME ENTERTAINMENT, and as ABC STUDIOS, a California corporation; and, DOE I through DOE V, | ) ) ) ) ) ) ) ) ) | DIST. JUDGE: MAG. JUDGE |
| Defendants. | ) | |

## COMPLAINT FOR INJUNCTION AND OTHER RELIEF

Plaintiff, SUSAN LYNN KUGLER, by her attorney, MARK H. BARINHOLTZ, P.C., complains against the Defendant(s), and each of them jointly and severally, and alleges:

### Jurisdiction & Venue

1. This Court has jurisdiction over this case under 28 U.S.C. § 1338 and § 1367. Venue is properly laid in this District under 28 U.S.C. § 1391(b), (c) and (d), and § 1400(a).

### Parties

2. Plaintiff, SUSAN LYNN KUGLER ("Kugler"), is an individual, a creator and writer of poetry. At various times pertinent to this action, Plaintiff resided and created the work in controversy in Waukegan, Illinois, in this District. Plaintiff currently resides in Wisconsin.

3. Defendant, CBS STUDIOS, INC ("CBS"), is, on information and belief, a Delaware corporation, duly authorized to, and doing business in Illinois. Also, on information and belief, this defendant is engaged in one or more aspects of the business of television program development, production and/or distribution, and has maintained regular and continuous business contact within this State and Chicago at all times relevant. This defendant is, on information and belief, one of at least three entities that are responsible, either in whole or in part, for the creation, production and/or distribution of the original live-action network television drama series entitled *Criminal Minds*, including but not limited to promotion of such programming within this District.

4. Defendant, PARAMOUNT HOME ENTERTAINMENT, INC ("PHE"), is, on information and belief, a Delaware corporation, duly authorized to, and doing business in Illinois. Also, on information and belief, this defendant is engaged in one or more aspects of the business of television program development, production and/or distribution, and has maintained regular and continuous business contact within this State and Chicago at all times relevant. This defendant is, on information and belief, one of at least three entities that are responsible, either in whole or in part, for the creation, production and/or distribution of the original live-action network television drama series entitled *Criminal Minds*, including but not limited to promotion of such programming within this District.

5. Defendant, BUENA VISTA HOME ENTERTAINMENT, INC., trading as, WALT DISNEY STUDIOS HOME ENTERTAINMENT, and as ABC STUDIOS ("ABC"), is, on information and belief, a California corporation, duly authorized to, and doing business in Illinois. Also, on information and belief, this defendant is engaged in one or more aspects of the business of television program development, production and/or distribution, and has maintained regular and continuous business contact within this State and Chicago at all times relevant. This defendant is, on information and belief, one of at least three entities that are responsible, either in whole or in part, for the creation, production and/or distribution of the original live-action network television drama series entitled *Criminal Minds*, including but not limited to promotion of such programming within this District.

6. On information and belief, the CBS, PHE and ABC Defendants identified above, act collectively, and/or in concert with other parent, subsidiary and/or affiliate entities not yet identified, in relation to the conduct hereinafter alleged, including the creation and exploitation of the fictional, episodic television series known as *Criminal Minds*. Defendants are hereinafter referred to collectively as "Defendants" or "Defendant(s)" or "CBS Studios," "Paramount Home Entertainment," or "ABC Studios," as the context may require.

7. Upon information and belief, one or more entities or individuals, transacting

business, located in or which may be found in this District, herein named as Defendant(s) DOE I through DOE V, are participating or have participated in, financially benefitted from and/or aided and abetted the infringing acts and violative conduct at issue here, or are otherwise contributorily or vicariously liable as hereinafter alleged.

## Background

8. At or about December 2007, Kugler created a poem entitled *Mask*. A copy of the poem as it was included within a group of poems and verses by Kugler, entitled *Poetry In Emotion By Bunny*, is attached hereto as Exhibit "A". ("the Work")

9. At the time of its creation, the Work was unpublished, and thereafter subject only to limited publication, including via the Internet. At all times relevant, in conveying her Work either as part of *Poetry In Emotion*, or as displayed on the Internet, Kugler included, or required as a condition of such publication, that the reproduction and/or posting of the Work be conveyed or otherwise accompanied by a visible copyright notice and/or attribution of authorship in Kugler.

10. At all times relevant, Kugler was, and remains, the owner of all copyright rights in and to the Work, and the sole right to claim authorship attribution therein.

11. At or about May 2010, on information and belief, *Criminal Minds* was enjoying success in its fifth season on network television, and as part of the season finale, in an episode entitled *Our Darkest Hour*, Defendants caused the Work to be copied, reproduced and perceptibly incorporated therein. ("the Infringing Episode")

12. To establish the mood for the Infringing Episode, Defendant(s) incorporated the Work verbatim, together with another verse, and adapted same as a lyric for a musical theme, a song which can be heard prominently to accompany the opening visual montage, and precede main title credits, at the beginning of the Infringing Episode. ("the Infringing Theme")

13. Since its first run on network television, the Infringing Episode incorporating the Infringing Theme has been made available to the consumer public via re-runs, DVD sales, and on

information and belief various other platforms including on-demand and streaming services via the Internet. A DVD copy of the Infringing Episode is hereby made available to the Court on request.

14. Prior to filing the instant suit, Kugler discovered that Defendants and various Doe Defendant(s) collectively had caused or contributed to cause, the Work to be copied and disseminated by various means, including but not limited to, (i) by reproducing and copying the Work into the Infringing Theme and into the Infringing Episode; (ii) by touting the Infringing Episode through various means including ads and promotions on television and via the Internet; (iii) by advertising and marketing various digital products and items designed to continue exploitation of the Infringing Episode, e.g., DVDs; and (iv) by disseminating such reproductions of the Infringing Episode including the Infringing Theme worldwide via television and the Internet; and all in an effort to maximize viewership, sales, and other methods of exploitation of the Infringing Episode, and related products over the Internet and otherwise ("Infringing Uses"); but all without any permission or authorization from Kugler, or any credit in Kugler as the author of the Work. A copy of a portion of a recent *Amazon.com* advertisement, and the jacket from the DVD containing the Infringing Episode (Season 5, *Our Darkest Hour* Episode) are attached hereto as Exhibit "B" and "C" respectively.

15. The Work contains substantial material wholly original with Kugler, and constitutes copyrightable subject matter under the copyright laws of the United States of America.

16. Kugler has complied with all requirements of the United States Copyright Act, and obtained copyright registration for her Work from the Register of Copyrights, under Certificate of Registration: No. TXu 1-591-720 eff. date December 27, 2007. A copy of the Registration Certificate is attached hereto as Exhibit "D".

## COUNT I
### (Copyright Infringement)

17. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 16 hereof, and for this Count I alleges against the Defendant(s), and each

of them jointly and severally, as follows.

18. No license was granted to, or obtained by Defendants or other Doe Defendant(s), or any of them, for the reproduction and/or use of the Work for any purpose.

19. From at least 2014 and, upon information and belief, at various times prior thereto, Defendant(s) and Doe Defendant(s) infringed the copyrights in the Work, and Kugler's exclusive rights therein, by various means, including but not limited to, (i) downloading or otherwise making unauthorized digital copies of the Work, (ii) incorporating an unauthorized audio version of the Work into, and otherwise reproducing it within the unlawful Infringing Theme and Episode, (iii) selling product items incorporating copies of the Infringing Theme and Episode, (iv) incorporating and uploading the unauthorized copies of the Infringing Theme and Episode onto Defendant(s)' and/or Doe Defendant(s)' website(s) and/or third-party content provider website(s), in order to advertise and promote the sales of the unlawful product items incorporating reproductions of the Infringing Theme and Episode, (v) displaying advertisements for sales of copies of the Infringed Episode incorporating the Work on website(s) via the Internet, and (vi) disseminating unauthorized re-runs of the Infringing Episode incorporating the unauthorized audio reproduction of the Work worldwide through means of television advertising and via the Internet.

20. That such acts aforesaid by Defendant(s) and Doe Defendant(s) were and are for its/their own pecuniary use, benefit and commercial gain, and infringe upon Kugler's exclusive copyright rights in the Work.

21. That unless the Court intervenes to compel the cessation of such acts, Kugler is informed and believes that the unlawful infringements, are threatened and/or are likely to continue.

22. That by virtue of the acts hereinabove alleged, CBS, PHE and ABC and Doe Defendant(s) have infringed Kugler's copyright rights, and Plaintiff has been caused to and has thereby, suffered and sustained irreparable harm and economic injury.

## COUNT II
### (Infringement Liability vs. Doe I through Doe V)

23. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraph 1 through 22 hereof, and for this Count II alleges against Defendant(s) Doe I through Doe V, and each of them jointly and severally, together with Defendants and/or other Doe Defendant(s), as follows.

24. On information and belief, one or more individual(s), firm(s), affiliate(s) or contractor(s), acting in concert with CBS, PHE and/or ABC, was a conscious, active and dominant force causing or contributing to cause, and which resulted in, the unlawful infringements herein alleged.

25. That alternatively, or in addition to other infringers above alleged, on information and belief, there are various persons and firms who financially benefitted from and/or retained rights to exercise control over such unlawful activities as are alleged above, and are therefore vicariously liable for such infringements.

26. On information and belief, those individuals, firms, affiliates and/or contractors above referenced who personally or directly contributed to, authorized and/or participated in infringing Kugler's Work, and her exclusive rights therein, otherwise violated her rights by the various means aforesaid, *inter alia*.

27. That such tortious acts hereinabove alleged against such Doe Defendant(s) were and are for their own individual gain and benefit, as well as the gain and benefit of their firms, affiliates or contractors, and infringe upon Kugler's exclusive copyright rights in her Work.

28. That by virtue of the acts hereinabove alleged, Defendants Doe I through Doe V infringed Kugler's copyrights, and she has been caused to and has thereby suffered and sustained irreparable harm and economic injury.

## COUNT III
### (DMCA Violation Liability vs. Doe I through Doe V)

29. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraph 1 through 28 hereof, and for this Count III alleges against One or More of the Doe Defendant(s), and each of them jointly and severally, together with other Doe Defendant(s), as follows.

30. On information and belief, one or more individual(s), firm(s), affiliate(s) or contractor(s), was a conscious, active and dominant force causing or contributing to cause, and which resulted in, the unlawful Digital Millennium Copyright Act ("DMCA") violations herein alleged.

31. That alternatively, or in addition to other infringers above alleged, on information and belief there are various persons and firms who financially benefitted from and/or retained rights to exercise control over such unlawful activities as are alleged herein in relation to violations of the DMCA, and are therefore vicariously liable for such violations.

32. On information and belief, those individuals, firms, affiliates and/or contractors above referenced who personally or directly contributed to, authorized and/or participated in violating the integrity of Kugler's copyright management information ("CMI") conveyed in connection with Kugler's Work, and her exclusive rights therein, otherwise violated her rights by the various means hereinafter set forth, *inter alia*.

33. That such tortious acts herein alleged against such Doe Defendant(s) were and are for their own individual gain and benefit, as well as the gain and benefit of their firms, affiliates or contractors, and violate Kugler's exclusive copyright rights in the Work and the integrity of her CMI.

34. Without license, permission or authorization, one or more Doe Defendant(s) removed and/or altered CMI from Plaintiff's Work that Defendant(s) have infringed, as set forth above.

35. When Plaintiff has authorized posting and/or display of the Work on the Internet, such reproduction and posting was conditioned upon, conveyed with and contained CMI, in the form of the aforementioned copyright notice and authorship attribution.

36. In removing and/or altering such CMI, one or more Doe Defendant(s) knew or had reasonable grounds to know that such actions would induce, enable, facilitate or conceal copyright infringement(s) in Kugler's Work, including past, ongoing and likely future infringement(s) in Kugler's Work, under Title 17 of the United States Code..

37. That the aforesaid acts and omissions of one or more Doe Defendant(s), including their unauthorized, intentional, reckless and/or wilfully blind removal of CMI from the Plaintiff's Work, constitute one or more violations of the DMCA, at least 17 U.S.C. § 1202(b), Sub-parts (2) and (3) thereof, *inter alia*.

38. That by virtue of the acts hereinabove alleged, one or more Doe Defendant(s) have violated KUGLER's copyright rights under the DMCA, and Plaintiff has been caused to and has thereby, suffered and sustained irreparable harm and economic injury.

WHEREFORE, Plaintiff, SUSAN LYNN KUGLER, prays for findings and judgment in her favor and against Defendant(s) and the Doe Defendant(s), and each of them jointly and severally, as follows:

A. That Defendant(s) have infringed Plaintiff's copyright rights in the Work in violation of 17 U.S.C. § 501.

B. That Doe Defendant(s) have violated Plaintiff's rights under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

C. That Defendant(s) be required to pay to Plaintiff such actual damages as Plaintiff has sustained in consequence of Defendant(s)' infringements and other violations, and to account for all gains, profits and advantages derived by Defendant(s) therefrom, or such statutory damages for all infringements and violations as shall appear proper within the provisions of Chapter 5 and

Chapter 12 of the copyright laws.

    D.    That Defendant(s), and various of the Doe Defendant(s), are liable to Plaintiff for such reasonable attorney fees, and exemplary damages, incurred in this action as may be allocated to infringements and violations, as follows:

    i.    That the Copyright Act, § 504(c)(2) thereof, provides, *inter alia*, that willful infringement of copyright is punishable by an award of statutory damages, if applicable, in amounts up to and including $150,000.00 for each work infringed;

    ii.    That the Digital Millennium Copyright Act ("DMCA"), §§ 1203(c)(3)(B) *inter alia*, provides that each act in violation of Plaintiff's rights in the integrity of its CMI, *e.g.*, a posting on the Internet, shall be punishable by a separate award of damages of up to and including $25,000 for each violation;

    iii.    That Plaintiff is entitled to the recovery of costs of enforcement, including attorney fees for the infringement of copyright in the Work as allowed pursuant to 17 U.S.C. § 412(2), *e.g.*, infringements which commenced after the effective date of applicable copyright registration;

    iv.    That Plaintiff is entitled to the recovery of costs of enforcement, including attorney fees for violations of the DMCA pertaining to the Work as allowed pursuant to 17 U.S.C. § 1203(b)(4) and (5), irrespective of the effective date of applicable copyright registration.

    E.    That the Court grant such other and further relief as is reasonable and appropriate to remedy infringements, violations and acts and/or omissions, in any manner, either at law or in equity, including injunction, impounding and reasonable disposition of all infringing articles, as follows:

    i.    That Defendant(s) along with any agents and servants, and all those persons in active concert or participation with each or any of them be permanently restrained and enjoined from directly or indirectly infringing Plaintiff's copyright rights in any manner, and from

exhibiting, causing, contributing to, or participating in, the unauthorized exhibition or distribution in any manner of the Work or any component part thereof, or any goods relating thereto.

    ii. That Defendant(s), their officers, directors, principals, agents, servants, employees, successors and assigns and all those in active concert or participation with each or any of them be permanently enjoined and restrained from manufacturing, producing, distributing, circulating, selling, advertising, promoting or displaying anything bearing any simulation, reproduction, derivative adaptation, counterfeit, copy or colorable imitation of any works created or licensed by Kugler including but not limited to the Work, or any goods relating thereto.

    iii. That Defendant(s) be required to deliver up for destruction all forms and copies of the Infringing Uses and all promotional and advertising material and other unauthorized matter which picture, or reproduce audibly or utilize any infringing part of the Work, or any goods relating thereto.

  F. Together with pre-judgment interest, Plaintiff's costs and reasonable attorney fees.

PLAINTIFF DEMANDS TRIAL BY JURY

            SUSAN LYNN KUGLER, Plaintiff.

         By: */s/ Mark Barinholtz*
            Attorney

Mark Barinholtz, Esq.
MARK H. BARINHOLTZ, P.C.
Attorney for Plaintiff
55 West Monroe Street
Suite 3600
Chicago, IL 60603
(312) 977-0121